[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 80.]

THE STATE EX REL. ABF FREIGHT SYSTEM, INC., APPELLEE, *v.* INDUSTRIAL

COMMISSION OF OHIO, APPELLEE; ANDERS, APPELLANT.

[Cite as *State ex rel. ABF Freight Sys., Inc. v. Indus. Comm.*, 2002-Ohio-3612.]

*Workers' compensation—Near ankylosis of hand and thumb—Industrial*
*Commission's award of loss-of-use compensation pursuant to R.C.*
*4123.57(B) an abuse of discretion when there is no evidence to support*
*the award.*

(No. 2001-0938—Submitted June 26, 2002—Decided July 31, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-790.

_____

**Per Curiam.**

{¶1} Appellant-claimant Charles E. Anders's workers' compensation claim has been allowed for sprain and osteoarthritis of the left hand. In 1990, claimant underwent surgical arthrodesis of the left thumb with internal fixation, using two Steinman pins and bone grafting for fusion of the carpometacarpal joint. A 1993 award of 11 percent permanent partial disability was increased to 14 percent in 1999.

{¶2} On October 12, 1999, claimant moved appellee Industrial Commission of Ohio for a loss-of-use award pursuant to R.C. 4123.57(B). Three medical reports were before the district hearing officer ("DHO"). Dr. M.E. Gibson observed:

{¶3} "The CMC joint has been surgically fused, with a near ankylosis (but not complete), moving slightly from the position of function * * *.

{¶4} "* * * These latter deficits reflect the lack of motion of the carpal-metacarpal joint of the left thumb that it is essentially fused, but not entirely ankylosed."

{¶5} Dr. Charles L. Walters noted that claimant's thumb had been surgically fused, but did not comment on the presence or absence of ankylosis, nor did he address the issue of loss of use. Dr. Ron M. Koppenhoefer, however, specifically denied the existence of ankylosis:

{¶6} "In reviewing my examination, Mr. Anders does not have ankylosis of the thumb. Ankylosis of the thumb would indicate that there is no movement of the thumb, which is not the case.

{¶7} "* * * He has movement, though it is impaired."

{¶8} The DHO denied compensation, citing the thumb's capacity for some movement. A staff hearing officer vacated the order and awarded compensation for total loss of use:

{¶9} "The claimant did undergo an arthrodesis, or surgical fusion, of the carpometacarpal joint on 3/19/1990. Per the report of Dr. Gibson, there is some limited voluntary movement of the IP and MP joints of the thumb, and the CMC joint is essentially fused, if not totally ankylosed. However, per the reports on file and claimant's demonstration at hearing, it is found that he retains no active motion of the CMC joint, and that he does qualify for an award for loss of use of the left thumb plus the additional ten weeks for the loss of use of the CMC joint."

{¶10} Reconsideration was denied.

{¶11} Claimant's employer, appellee ABF Freight System, Inc., sought a writ of mandamus in the Court of Appeals for Franklin County, alleging that the award was an abuse of discretion. The court of appeals agreed, after finding that none of the cited medical evidence demonstrated ankylosis of the thumb and a total loss of use.

{¶12} This cause is now before this court upon an appeal as of right.

{¶13} We are asked to review the commission's order for the presence of "some evidence" supporting its award of compensation under R.C. 4123.57(B). For

the reasons to follow, we agree with the court of appeals that there is no evidence in support.

{¶14} In addition to compensation for amputated digits, R.C. 4123.57(B) awards compensation "[f]or ankylosis (total stiffness of) * * * which makes any of the fingers, thumb, or parts of either useless."

{¶15} Here the commission made an award for total loss of use. None of the examining doctors, however, found the statutory prerequisite for a finding of ankylosis—total stiffness of the affected area. Dr. Walters did not address the issue. Dr. Gibson conceded an incomplete ankylosis and the presence of movement, albeit slight in the thumb. Dr. Koppenhoefer concurred. Thus, while the evidence established that claimant suffered a serious thumb injury, it does not demonstrate the total stiffness required for a finding of ankylosis finding.

{¶16} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Reminger & Reminger Co., L.P.A., Ronald A. Fresco and Joshua R. Bills, for appellee ABF Freight System, Inc.

Betty D. Montgomery, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Hochman & Roach Co., L.P.A., and Gary D. Plunkett, for appellant.

_____